EDWIN L. TUPPER vs. BENJAMIN F. CADWELL.

An infant is not liable for the expense of repairing his dwelling-house, on a contract made by him therefor, although such repairs were necessary for the prevention of immediate and serious injury to the house.

THIS was an action of assumpsit, on the general counts, and was commenced on the 25th of August 1845. The plaintiff filed the following, as a bill of particulars: " Plaintiff claims of defendant payment for labor done and materials furnished in rebuilding and repairing house in 1845. $300." The defendant filed, with a plea of the general issue, a specification of defence, stating that he was an infant, and that the plaintiff had recovered judgment, for the same claim, of Mary Cadwell, the defendant's mother. A trial was had in the court of common pleas, before *Ward*, J. who made the following report thereof:

" It appeared in evidence, that the defendant's father, Stephen Cadwell, died in August 1844, and left a will which was duly proved in 1845, by which he bequeathed to the said Mary Cadwell, his wife, the use of one undivided third part of his real estate for life, and the residue thereof to the defendant; that after the decease of said Stephen, his widow occupied and had the care and charge of the mansion house, and furnished a home there for one of her daughters and several young granddaughters, and had also the management of the farm; that the defendant usually lived abroad, but sometimes returned home; and that he worked on the farm during the haying season; that the house was old, and needed shingling and clapboarding; but there was no evidence that it leaked, or that it would have suffered materially if no repairs had been made till 1846. Some of the plaintiff's witnesses testified that it was in as good repair as many dwelling-houses occupied by respectable families in the vicinity, and that, in their opinion, the repairs might have been safely delayed for a year; that the house consisted of a main building, one and a half stories high, containing two rooms on

the first floor, and a rear part, of one story, containing a kitchen, buttery and bedroom ; and that the front and rear part had each a chimney, and that the principal chimney did did not draw smoke well.

" The plaintiff did not prove any express contract with any one for making the repairs charged in his bill; but he proved that Mrs. Cadwell, the defendant's mother, employed other carpenters, with whom the plaintiff had no connexion, and over whom he had no control, to take the back part of the house entirely away, and erect in its stead a new frame somewhat larger than the old one, and also to take off the roof of the main house, and to cut away a portion of the rear of the main building, and add to the frame another half story, so as to make the front building two stories in height : that after the back building and the roof had been taken away, and during the time when they were raising the new frame, the plaintiff and his workmen were hired, began to work, and were then preparing stuff for a new covering ; and that, when the frame was prepared for him, he began to put on the covering ; that he clapboarded and shingled the house, made some new doors and window frames and sashes, laid some floors, and furnished the brick and lime for rebuilding the chimneys ; and that the value of his work and materials was three hundred dollars.

" To prove that the repairs were made for the defendant, the plaintiff gave evidence that the defendant was repeatedly at home, while the work was going on, and that, on one occasion, he wished to borrow money, saying that he had some to pay to the plaintiff ; but the plaintiff's witnesses also testified, that the defendant's mother had the principal direction of the repairs, and lived in the house while the same were going on.

" The defendant gave evidence that he was twenty one years old on the 7th of January 1846 ; that the plaintiff, on the 8th of August 1845, sued the said Mary Cadwell, in the court of common pleas, for the said work and materials, and at February term, in 1846, recovered judgment against her for

$240 and costs, and had taken out execution thereon; but that said execution was not satisfied.

" The defendant's counsel requested the court to instruct the jury, that if they believed the defendant to be a minor when said work was done and said materials found, he was not liable to pay for them; but the court declined to give this instruction, and charged the jury, that if the mother alone made the contract, the son was not liable; that if the son employed the plaintiff alone, or jointly with the mother, he was not liable, if he was then a minor, unless the work and materials furnished by the plaintiff were actually necessary to prevent immediate serious injury or destruction of the property; that if the repairs and work done by the plaintiff could have been postponed until the next year, or until the defendant's majority, they were not necessaries, and the defendant was not liable; that in passing upon this point, the jury might look to the actual condition in which the property was, at the time when the plaintiff was first employed, and began to work; that if, at this point of time, the roof had been stripped off, the chimneys taken down, and the frame exposed, by other workmen not connected with the plaintiff, and over whom the plaintiff had no control, so as to expose the property to immediate and irremediable injury, then so much of the plaintiff's work and materials as was requisite to prevent this, were necessaries, and if the defendant contracted for them, he was liable.

" The jury found a verdict for the plaintiff for $300. Upon being inquired of by the court, they stated that they had found the defendant to be a minor when the work was done, and that the whole of the plaintiff's work and materials were necessary. The defendant excepted to the ruling of the court."

*R. A. Chapman,* for the defendant. The defence of minority should prevail; as an infant is not liable for such a charge as this, as for necessaries. *Tirrell's case,* 2 R. I. Rep. 271. *Anon.* 3 Salk. 196. 3 Steph. N. P. 2058. Bingham on Infancy, 110. Co. Lit. 172 *a.* See also *Brooke* v. *Gally*

2 Atk. 34.   *Trueman* v. *Hurst*, 1 T. R. 40.   *Vent* v. *Osgood*, 19 Pick. 572.   *Baker* v. *Lovett*, 6 Mass. 78.   *Hussey* v. *Jewett*, 9 Mass. 100.   *Moses* v. *Stevens*, 2 Pick. 332.

The former recovery against the mother is a bar to this action.   *Gibbs* v. *Bryant*, 1 Pick. 118.   *Ward* v. *Johnson*, 13 Mass. 148.   *Robertson* v. *Smith*, 18 Johns. 459.

*H. Morris*, for the plaintiff.   Minority is no defence in this case ; the work and materials, furnished by the plaintiff, being necessaries for which a minor is liable.   Bul. N. P. 154, 155. 2 Greenl. on Ev. § 365.   *Evelyn* v. *Chichester*, 3 Bur. 1717. *Kirton* v. *Eliott*, 2 Bulst. 69.   *The King* v. *Inhabitants of Hindringham*, 6 T. R. 558.   *The King* v. *Inhabitants of Great Wigston*, 3 Barn. & Cres. 484.   *Wood* v. *Fenwick*, 10 Mees. & Welsb. 195.   *Maddon* v. *White*, 2 T. R. 159. Chit. Con. (6th Amer. ed.) 148.   2 Kent Com. (3d ed.) 239, 240.   *United States* v. *Bainbridge*, 1 Mason, 82.

Dewey, J.   An infant may make a valid contract for necessaries ; and the matter of doubt in the present case is, what expenditures are embraced in the term 'necessaries.'   In Co. Lit. 172 *a*, it is said, "an infant may bind himself to pay for his necessary meat, drink, apparel, necessary physic, and such other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterwards."   The term 'necessaries,' it is well settled, also embraces necessary articles for the support of his wife and children, if he has such to maintain.   The wants to be supplied are, however, personal ; either those for the body, as food, clothing, lodging, and the like ; or those necessary for the proper cultivation of the mind, as instruction suitable and requisite to the useful development of the intellectual powers, and qualifying the individual to engage in business when he shall arrive at the age of manhood.

It has sometimes been contended that it was enough to charge the party, though a minor, that the contract was one plainly beneficial to him in a pecuniary point of view.   That proposition is by no means true, if, by it, it be intended to sanction an inquiry, in each particular case, whether the

expenditure, or articles contracted for, were beneficial to the pecuniary interests of the minor. The expenditures are to be limited to cases where, from their very nature, expenditures for such purposes would be beneficial; or, in other words, they must belong to a class of expenditures which are in law termed beneficial to the infant. What subjects of expenditure are included in this class is a matter of law, to be decided by the court. The further inquiry may often arise, whether expenditures, though embraced in this class, were necessary and proper, in the particular case; and this may present a question of fact. It is therefore a preliminary question to be settled, whether the alleged liability arises from expenditures for what the law deems 'necessaries,' and unless that be shown, it is not competent to introduce evidence to show that, in a pecuniary point of view, the expenditure was beneficial to the minor, as that is irrelevant.

No authority has been found which, in our opinion, sustains the position that a minor is liable for expenditures upon his real estate, of the character and under the circumstances here stated. No necessity can exist for such expenditures, solely upon the credit of the minor. The fact that he has real estate which may require supervision, and may need repairs, furnishes the proper occasion for the appointment of a guardian, through whose agency such repairs can be made, and, as the law assumes, more judiciously made, than through the agency of the minor. An infant is not liable for goods bought to furnish his shop and to enable him usefully to continue trade, although he keeps a public shop. *Whittingham* v. *Hill*, Cro. Jac. 494. *Whywall* v. *Champion*, 2 Stra. 1083. 2 Stark. Ev. 726. See also *Dilk* v. *Keighley*, 2 Esp. R. 480. In such cases, the law deems the infant incompetent to carry on business, and for that reason holds him not liable for articles furnished him for trade, irrespective of the question whether, in the particular state of his business, the addition to his stock was actually beneficial. That question is not open, in such cases. We think a similar rule prevails as to expenditures for improvements upon the real estate

of a minor.   The law deems him incompetent to make such contracts ; and they not being of the class embraced in the term 'necessaries,' no legal liability arises for such expenditures, as against the infant personally.

The exceptions being sustained upon this ground, we have not thought it necessary to consider the effect of the former judgment, recovered against Mary Cadwell, for the same repairs.

*New trial ordered.*